IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FABRICTECH 2000, LLC<br>11 Stewart Place<br>Fairfield, NJ 07004,<br><br>    Plaintiff,<br><br>  v.<br><br>FREDMAN BROS. FURNITURE<br>COMPANY, INC. d/b/a GLIDEAWAY BED<br>CARRIAGE MFG. COMPANY<br>8226 Lackland Road<br>St. Louis, MO 63114,<br><br>    Defendant. | CASE NO.<br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff, Fabrictech 2000, LLC ("Fabrictech"), by and through its undersigned counsel, files this complaint against Defendant, Fredman Bros. Furniture Company, Inc. d/b/a Glideaway Bed Carriage Mfg. Company ("Fredman"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action at law and in equity for trademark infringement, false designation of origin, and unfair competition, arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. ("Lanham Act"); and the common law.

2. Defendant Fredman is selling mattress protectors under the mark SUB ZERO, which is a confusingly similar imitation of Plaintiff Fabrictech's registered mark SUB-0°. Fredman's actions are likely to cause confusion and to deceive consumers and the public regarding the source of its products, and dilutes and tarnishes the distinctive quality of Fabrictech's mark.

**PARTIES**

3.     Plaintiff Fabrictech is a New Jersey limited liability company with a principal place of business at 11 Stewart Place, Fairfield, New Jersey 07004.

4.     Upon information and belief, Defendant Fredman is an Illinois corporation having a principal place of business at 8226 Lackland Road, St. Louis, MO 63114.

**JURISDICTION AND VENUE**

5.     This Court has original and exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over Fabrictech's related state and common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

6.     Upon information and belief, this Court has personal jurisdiction over Fredman because Fredman resides in this district. Upon information and belief, Fredman's corporate headquarters are located in this district and Fredman has an office and employees located in this district. This Court also has personal jurisdiction over Fredman because Fredman has advertised, marketed, distributed or sold infringing merchandise within this State, has engaged in acts or omissions within this State causing injury, has engaged in acts or omissions outside of this State causing injury within this State, has manufactured or distributed products used or consumed within this State in the ordinary course of trade, has entered into contracts with residents of this State, or has otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction.

7.     This district is a proper venue pursuant to 28 U.S.C. § 1391(b) and (c), because Fredman resides in this district, a substantial part of the events or omissions giving rise to Fabrictech's claims occurred in this district, and because Fredman is subject to personal jurisdiction in this judicial district, and on that basis is deemed to reside in this district.

## FACTUAL BACKGROUND

8. Fabrictech sells high-quality mattress and pillow protection products in the United States and throughout the world.

9. Fabrictech began continuously using the mark SUB-0° in interstate commerce in connection with pillows at least as early as January 24, 2016.

10. As a result of Fabrictech's continuous use of the mark SUB-0° as a source identifier, Fabrictech has developed a reputation for quality with respect to the pillows sold under the SUB-0° mark.

11. Fabrictech is the owner of the entire right, title and interest in and to United States Trademark Registration No. 5,042,525 ("the '525 Reg.") of the mark SUB-0° for pillows, in International Class 020. A true and accurate copy of the certificate of registration for the '525 Reg. is attached hereto as Exhibit A.

12. The '525 Reg. constitutes conclusive evidence of the validity of the SUB-0° trademark registration and Fabrictech's ownership of and exclusive right to use the mark SUB-0° for the goods specified therein. 15 U.S.C. §§ 1065, 1115(b).

13. Fabrictech has generated extremely valuable goodwill that is symbolized by the SUB-0° mark and associated with that mark in the minds of consumers. The success enjoyed by Fabrictech in selling pillows throughout the United States and elsewhere in the world under the SUB-0° mark has resulted in the mark becoming an extremely valuable asset of Fabrictech and the right to exclusive use of the mark is important to the continued success of Fabrictech.

## FREDMAN'S INFRINGING CONDUCT

14. Fredman has directly infringed Fabrictech's trademark rights in SUB-0° for pillows with full knowledge of Fabrictech's rights with respect thereto and of Fabrictech's federal registration thereof. Such acts of infringement by Fredman have been and continue to be willful and deliberate and Fabrictech believes they will continue in the future unless enjoined by this Court.

15. Upon information and belief, Fredman is manufacturing and selling mattress protectors under the mark SUB ZERO.

16. On January 17, 2017, counsel for Fabrictech sent Fredman a letter demanding that Fredman cease and desist use of SUB ZERO in connection with mattress protectors.

17. On January 25, 2017, Fredman filed an application for registration of the mark SUB ZERO in class 020 for mattress protectors at the United States Patent and Trademark Office. The application was assigned U.S. Serial Number 87/313,601 ("the '601 App.") In the '601 App., Fredman claimed that the mark was first used in commerce in class 020 at least as early as January 19, 2017.  The specimen of use submitted in the '601 App. showed the mark SUB ZERO applied to the packaging for a mattress protector, as follows:



The declaration for the '601 App. was signed by David H. Chervitz, Esq.

18. On February 24, 2017, counsel for Fabrictech received a letter from Mr. Chervitz informing them that he represents Fredman and stating that he would review and address the Jan. 17 Letter upon his return from an impending two week vacation ("the Feb. 24 Letter").

19. On May 10, 2017, counsel for Fabrictech received another letter from Mr. Chervitz responding to the Jan. 17 Letter ("the May 10 Letter"). In the May 10 Letter, Mr. Chervitz stated that he did not agree that Fredman was using any of Fabrictech's marks.

20. On May 11, 2017, counsel for Fabrictech sent a letter to Mr. Chervitz showing the mark SUB ZERO on packaging for a mattress protector, as follows:

5



("the May 11 Letter").

21. On May 23, 2017, counsel for Fabrictech received a letter from Mr. Chervitz in response to the May 11 Letter ("the May 23 Letter"). In the May 23 Letter, Mr. Chervitz indicated that Fredman was willing to limit its use of the mark SUB ZERO to mattress protector covers and mattress protector toppers and would also agree not to expand its use of the mark SUB ZERO for any other goods.

22. Fabrictech did not and has not consented to Fredman's manufacture, sale, or distribution of any products bearing the mark SUB ZERO, including mattress protector covers and mattress protector toppers.

## COUNT I

### TRADEMARK INFRINGEMENT IN VIOLATION OF
### SECTION 32 OF THE LANHAM ACT

23.     Fabrictech incorporates herein by reference the allegations of the foregoing paragraphs 1 through 22 as if fully set forth herein.

24.     This claim is brought under 15 U.S.C. § 1114.

25.     Fabrictech has continuously and extensively used the SUB-0° mark in association with pillows since at least as early as January 24, 2016 and has not abandoned the mark.

26.     Fabrictech owns the federal trademark registration for the SUB-0° mark used in association with pillows, which registration is valid, subsisting, and in full force and effect.

27.     Upon information and belief, Fabrictech's use and registration of the SUB-0° mark in the United States for pillows is prior to any date upon which Fredman could rely as the first date on which Fredman used the mark SUB ZERO for mattress protector covers or mattress protector toppers.

28.     Fredman is using the mark SUB ZERO for mattress protector covers and mattress protector toppers without Fabrictech's authorization. Fredman's use of the mark SUB ZERO on mattress protector covers and mattress protector toppers so resembles Fabrictech's prior use of the SUB-0° mark for pillows that it is likely to cause confusion, deception and mistake by creating the false and misleading impression that Fredman's goods are manufactured or distributed by Fabrictech, or are affiliated, connected or associated with Fabrictech, or have the sponsorship, endorsement or approval of Fabrictech, or enjoy the level of service and technology of, or meet the standards of Fabrictech's products.

29.     Any such confusion would result in injury or have a direct impact on Fabrictech's reputation and its ability to market its own products under the SUB-0° mark. Furthermore, any defect,

objection, or fault found with Fredman's products would negatively impact and seriously injure the reputation Fabrictech has established for the products it sells under the SUB-0° mark.

30. Upon information and belief, Fredman's activities were carried out willfully and with the intent and purpose of appropriating and trading upon the goodwill and reputation of Fabrictech and the SUB-0° mark, and to pass off Fredman's products as Fabrictech's products, or as having been sponsored or approved by Fabrictech.

31. Fredman's actual and constructive knowledge of the SUB-0° mark demonstrate further that Fredman's actions are willful and deliberate.

32. Fredman is liable for infringement of the federally-registered SUB-0° mark in violation of 15 U.S.C. § 1114.

33. Fabrictech is entitled to recover damages in an amount to be determined at trial, including profits made by Fredman on its sales of infringing products, and the costs of this action; also, because Fredman's activities were undertaken willfully and with the intention of causing confusion, mistake or deception, this is an exceptional case entitling Fabrictech to recover treble damages and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

34. Fabrictech has been and will continue to be irreparably injured by Fredman's conduct. Fabrictech cannot be adequately compensated for these injuries by monetary remedies alone, and Fabrictech has no adequate remedy at law for Fredman's infringement of its rights. Fabrictech is therefore entitled to injunctive relief against Fredman pursuant to 15 U.S.C. § 1116(a).

## COUNT II

### UNFAIR COMPETITION IN VIOLATION OF
### SECTION 43(a) OF THE LANHAM ACT

35. Fabrictech repeats and incorporates by reference the allegations of the foregoing paragraphs 1 through 34 as if fully set forth herein.

36. This claim is brought under 15 U.S.C. § 1125(a).

37. Fabrictech has continuously and extensively used the SUB-0° mark in association with pillows since at least as early as January 24, 2016 and has not abandoned the mark.

38. The SUB-0° mark is distinctive, commercially strong and is federally registered.

39. Upon information and belief, Fabrictech's use and registration of the SUB-0° mark in the United States for pillows is prior to any date upon which Fredman could rely as the first date on which Fredman used the mark SUB ZERO for mattress protector covers or mattress protector toppers.

40. Fredman is using the mark SUB ZERO for mattress protector covers and mattress protector toppers without Fabrictech's authorization. Fredman's use of the mark SUB ZERO on mattress protector covers and mattress protector toppers misrepresents the nature, characteristics, qualities, and origin of Fredman's products, and it so resembles Fabrictech's prior use of the SUB-0° mark for pillows that it is likely to cause confusion, deception and mistake by creating the false and misleading impression that Fredman's goods are manufactured or distributed by Fabrictech, or are affiliated, connected or associated with Fabrictech, or have the sponsorship, endorsement or approval of Fabrictech, or enjoy the level of service and technology of, or meet the standards of Fabrictech's products.

41. Any such confusion would result in injury or have a direct impact on Fabrictech's reputation and its ability to market its own products under the SUB-0° mark. Furthermore, any defect, objection, or fault found with Fredman's products would negatively impact and seriously injure the reputation Fabrictech has established for the products it sells under the SUB-0° mark.

42. Upon information and belief, Fredman's activities were carried out willfully and with the intent and purpose of appropriating and trading upon the goodwill and reputation of Fabrictech

9

and the SUB-0° mark, and to pass off Fredman's products as Fabrictech's products, or as having been sponsored or approved by Fabrictech.

43. Fredman's actual and constructive knowledge of the SUB-0° mark demonstrate further that Fredman's actions are willful and deliberate.

44. Fredman is liable for false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

45. Fabrictech is entitled to recover damages in an amount to be determined at trial, including profits made by Fredman on its sales of infringing products, and the costs of this action; also, because Fredman's activities were undertaken willfully and with the intention of causing confusion, mistake or deception, this is an exceptional case entitling Fabrictech to recover treble damages and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

46. Fabrictech has been and will continue to be irreparably injured by Fredman's conduct. Fabrictech cannot be adequately compensated for these injuries by monetary remedies alone, and Fabrictech has no adequate remedy at law for Fredman's infringement of its rights. Fabrictech is therefore entitled to injunctive relief against Fredman pursuant to 15 U.S.C. § 1116(a).

## COUNT III

### COMMON LAW TRADEMARK INFRINGEMENT

47. Fabrictech incorporates herein by reference the allegations of the foregoing paragraphs 1 through 46 as if fully set forth herein.

48. Fabrictech owns all rights, title, and interest in and to the SUB-0° mark, including all common law rights in such mark.

49. Fredman's use of confusingly similar imitations of the SUB-0° mark in association with Fredman's sale of mattress protectors has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that Fredman's goods are manufactured or

10

distributed by Fabrictech, or are affiliated, connected or associated with Fabrictech, or have the sponsorship, endorsement or approval of Fabrictech, or enjoy the level of service and technology of, or meet the standards of Fabrictech's products. Fredman's acts thus constitute infringement of Fabrictech's common law rights in the SUB-0° mark.

50. Upon information and belief, Fredman's activities were carried out willfully and with the intent and purpose of appropriating and trading upon the goodwill and reputation of Fabrictech and the SUB-0° mark, and to pass off Fredman's products as Fabrictech's products, or as having been sponsored or approved by Fabrictech.

51. Fredman's actual and constructive knowledge of the SUB-0° mark demonstrate further that Fredman's actions are willful and deliberate.

52. Fredman's acts constitute trademark infringement in violation of the common law of the State of Missouri.

53. Fredman's acts of trademark infringement demonstrate an intentional, willful and malicious intent to deceive the public and to trade on the goodwill associated with Fabrictech's SUB-0° mark to the substantial and irreparable injury of Fabrictech. Fabrictech cannot presently ascertain the extent of its damage and injury resulting from Glideaway's trademark infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Fabrictech prays that:

1. The Court enter judgment that Fabrictech's SUB-0° mark and Fabrictech's U.S. Trademark Registration No. 5,042,525 of such mark are valid and infringed by Fredman.

2. Defendant Fredman, as well as its partners, officers, agents, servants, employees, and attorneys, its successors and assigns, and all others in active concert or participation with them be compelled, pursuant to 15 U.S.C. § 1118, to destroy all of the packaging and/or products and any

11

advertising and promotional materials and the like in Fredman's possession or control bearing the SUB ZERO mark or any colorable imitation thereof, and file with the Court and serve on Fabrictech an affidavit setting forth in detail the manner and form in which Fredman has complied with the destruction requirement.

    3.    Defendant Fredman, as well as its partners, officers, agents, servants, employees, and attorneys, its successors and assigns, and all others in active concert or participation with them be enjoined and restrained during the pendency of this action, and permanently thereafter, from the manufacture, dealing in, marketing, sale, advertising or distribution in the United States of mattress protectors under the mark SUB ZERO, or any colorable imitation thereof.

    4.    Defendant Fredman, as well as its partners, officers, agents, servants, employees, and attorneys, its successors and assigns, and all others in active concert or participation with them, be required, jointly and severally, to:

    (a)    account for and pay over to Fabrictech all profits derived from its acts of trademark infringement, unfair competition, and dilution in accordance with 15 U.S.C. § 1117(a), and that this profits award be trebled in accordance with 15 U.S.C. § 1117(a);

    (b)    pay to Fabrictech the amount of all damages incurred by Fabrictech by reason of Fredman's acts of trademark infringement and unfair competition, trebled in accordance with 15 U.S.C. § 1117(a);

    (c)    pay to Fabrictech the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a); and

    (d)    file with the Court and serve on Fabrictech an affidavit setting forth in detail the manner and form in which Fredman has complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116.

5. The Court enter judgment of infringement against Fredman and an award of all damages sustained by Fabrictech including without limitation the profits Fredman has derived through its sale of the mattress protectors under the mark SUB ZERO, such award to be enhanced to reflect the willfulness of Fredman's infringements, plus prejudgment and postjudgment interest thereon as allowed by law.

6. The Court grant other and further relief as the Court shall deem equitable and just.

Dated: June 20, 2017

Respectfully submitted,

SENNIGER POWERS LLP

By: /s/ Keith A. Rabenberg
Keith A. Rabenberg #35616MO
100 North Broadway, 17th Floor
St. Louis, MO 63102
Tel: 314-345-7000
Fax: 314-345-7600
krabenberg@senniger.com

*Attorneys for Plaintiff*

OF COUNSEL:

Nicholas J. Gingo (0083684)
Renner Otto
1621 Euclid Avenue, Floor 19
Cleveland, Ohio 44115
Tel: 216-621-1113
Fax: 216-621-6165
ngingo@rennerotto.com